# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EBONY P. ENMAN,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:07-cv-1614-Orl-31DAB**

**MILWAUKEE MOTORCYCLE
MANUFACTURING COMPANY, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 16)**
>
> **FILED:**    **January 22, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and DENIED, in part**.

Following entry of a Clerk's default against the corporate defendant, Plaintiff files the instant motion, seeking an award of damages, attorney's fees and costs in this unpaid wages claim brought under the Fair Labor Standards Act ("FLSA"). For the reasons set forth herein, it is **respectfully recommended** that the motion be granted, in part, and judgment be entered in the amount of $1,442.00 for the claim ($721.00 in unpaid wages and a like amount in liquidated damages) and an attorney's fee award of $1,988.00.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-plead in the complaint, it is established by the entry of a default.  *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint asserts that Plaintiff was employed by the corporate Defendant;[1] that Defendant was an employer within the meaning of FLSA and Plaintiff was engaged in commerce as defined in FLSA; and that Defendant willfully violated the minimum wage requirements of FLSA in that Plaintiff was employed from June 6, 2007 until July 5, 2007, and was never compensated for such work (Doc. No. 1).  By virtue of the default, these well-pled allegations are deemed admitted.

Title 29 U.S.C. § 206(a)(1) provides that "[e]very employer shall pay to each of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . [the minimum wage]."  The minimum wage at the time at issue was $5.15 per hour.  29 U.S.C. § 206(a).  The employee bringing suit for unpaid or overtime wages under the FLSA has the burden of proving that she performed work for which she was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).  The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work."  29 U.S.C. §203(g).  If the

---

[1] The case was initially brought against the corporation and an individual.  Due to an inability to locate and serve the individual, Plaintiff voluntarily dismissed that claim.

employer violates either the minimum wage or overtime provisions of the FLSA, the employer is liable for the unpaid amounts, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

Here, Plaintiff offers her uncontroverted Affidavit that shows that she was employed by Defendant during the period of time pled in the Complaint. The Affidavit asserts that Plaintiff "was paid an hourly rate of $8.00" yet also asserts that she worked approximately 140 hours of time during that period and "did not receive my regular rate of pay." Lacking records, Plaintiff estimates that she is owed 140 hours of unpaid wages for a total of $721.00. The Affidavit is not explicit on this point, but the arithmetic involved leads to the conclusion that Plaintiff is seeking payment of these hours at the minimum wage rate of $5.15 per hour. Although the Affidavit does not include an averment that Plaintiff was not paid at all for this time (saying only that she did not receive her "regular rate"), as the Complaint contains such an allegation, and Defendant concedes same by virtue of the default, the error is not fatal. The Court concludes that Plaintiff has carried her burden with respect to establishing entitlement to actual damages of $721.00 and liquidated damages of an additional $721.00.

As for attorney's fees, Plaintiff seeks $2,311.00 and an additional $493.75 in costs. The Court cannot recommend such an amount. In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's

fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Such fees and costs, however, are bound by the requirement that they be reasonable. While the Court does not take issue with the rates charged by the professionals involved, here, as reflected in the time sheets provided by counsel, the fees charged include work not pertinent to this case or this Defendant (see, for example, December 28, 2007 listing for paralegal Becki Rodak, and numerous entries with respect to the dismissed co-defendant); work not properly chargeable to one's adversary (criminal background checks on one's own client, for example) and work that is, at best, clerical in nature (*e.g.,* conflict checks). After making deductions for these unreasonable charges, the Court finds $1,998.00 to be a reasonable attorney's fee for a case that proceeded to default judgment. As for costs, such are recoverable upon appropriate application to the Clerk following entry of judgment. The Court advises Plaintiff, however, that only costs attributable to the claim against *this* Defendant are recoverable here.[2]

It is therefore **respectfully recommended** that the motion be **granted, in part** and that default judgment be entered in the amount of $1,442.00 for the claim ($721.00 in unpaid wages and a like amount in liquidated damages) and an attorney's fee award of $1,988.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 5, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] The motion improperly includes service fees for the individual Defendant.

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy